```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF LOUISIANA


RAFEAL DECENA                                CIVIL ACTION

VERSUS                                       NO: 11-1574

AMERICAN INTERNATIONAL                       SECTION: J(5)
COMPANIES (AIG), ET AL
```

## ORDER

Before the Court is Plaintiff Rafael Decena's **Motion to Review Magistrate's Order (Rec. Doc. 98)**.  In the motion, Plaintiff seeks review of the magistrate judge's Order denying in part his Motion to Compel Deposition and for Sanctions **(Rec. Doc. 97)**.  Upon review of the record, the memoranda of counsel, and the applicable law, the Court now concludes that the Plaintiff's motion should be **DENIED**.

### BACKGROUND FACTS

This civil action arises out of the denial of a claim for benefits under a truckers occupational accident insurance policy, through which Plaintiff Rafael Decena maintained accident and health insurance.  Plaintiff's Complaint alleges that Defendants American International Companies AIG, Chartis Specialty Insurance Company, and National Union Fire Insurance Company of Pittsburgh, PA (collectively, "Defendants") were the insurers under the policy, and that they improperly and in bad faith denied his

claim.

While the case was pending, the Court ordered Plaintiff to submit to an independent medical examination ("IME"), to be conducted by Defendants' designated expert, Dr. Avanelle Jack, on March 13, 2012.[1] During the IME, Plaintiff reportedly experienced kidney failure, prompting Dr. Jack to prescribe emergency dialysis treatment. Subsequently, on April 17, 2012, Defendants notified Plaintiff's counsel that Dr. Jack would no longer be testifying as an expert and would instead be retained solely as a non-testifying, consulting expert. Accordingly, they informed Plaintiff's counsel that Dr. Jack would not be produced for deposition and would not prepare an expert report. On April 20, 2012, Plaintiff filed a Motion to Compel the Deposition of Dr. Jack and for Sanctions.[2] In the motion, Plaintiff argued that the re-designation of Dr. Jack as a non-testifying expert does not preclude him from deposing her as a testifying expert under FED. R. CIV. P. 26(b)(4)(A).

On April 30, 2012, the Magistrate Judge denied Plaintiff's motion, in part, stating:

> **The deposition of Dr. Jack shall go forward on May 2, 2012, limited to what she observed during the IME that was performed on March 13th and the reasons she ordered treatment for plaintiff. To the extent that Dr. Jack requested plaintiff's medical history during the course of the IME, she should be prepared to testify to that as well. Because Dr. Jack will not be testifying as an**

---

[1] Rec. Doc. 21.

[2] Rec. Doc. 73.

**expert for the defendants, there is no reason to go into any report she may have previously issued for that purpose. Nor shall she be questioned on issues of causation.**[3]

Plaintiff immediately filed a motion seeking an order from this Court overturning the magistrate's order and compelling Defendants to produce Dr. Jack for an unrestricted deposition. Plaintiff also requested that the motion be heard on an expedited basis because Dr. Jack's deposition is scheduled for May 2, 2012, two days after the magistrate's ruling was issued.[4]

## LEGAL STANDARD

A magistrate judge's ruling on a non-dispositive civil motion, such as a discovery motion, may be appealed to the district court. FED. R. CIV. P. 72(a). When a timely objection is raised to such a ruling, the district judge must review the magistrate's ruling and "modify or set aside any part of the order that is clearly erroneous or contrary to law." Id. Under this highly deferential standard, a magistrate judge's ruling "should not be rejected merely because the court would have decided the matter differently." Ordemann v. Unidentified Party, No. 06-4796, 2008 WL 695253, at *1 (E.D. La. Mar. 12, 2008) (quoting Rubin v. Valicenti Advisory Servs., Inc., 471 F. Supp. 2d 329, 333 (W.D.N.Y. 2007). Instead, the decision must be affirmed unless "on the entire evidence [the court] is left with

---

[3] Rec. Doc. 97.

[4] See Rec. Doc. 99.

a definite and firm conviction that a mistake has been committed." United States v. Untied States Gypsum Co., 333 U.S. 364, 395 (1948).

## DISCUSSION

After reviewing the case, the magistrate judge's order, and the arguments of the parties, this Court finds that no such mistake has been made with respect to the magistrate's partial denial of Plaintiff's Motion to Compel Discovery and for Sanctions.  As Plaintiff's own motion acknowledges, there is no consensus of authority as to whether an expert initially designated as a testifying expert witness, but later designated as a non-testifying expert before the disclosure of her expert report, may nonetheless be deposed as a testifying expert under FED. R. CIV. P. 26(b)(4)(A).  The principal case on which Plaintiff relies, House v. Combined Insurance Co. of America, 168 F.R.D. 236 (N.D. Iowa 1996), has been described as representing the "minority approach" with respect to this issue.  See R.C. Olmstead, Inc. v. CU Interface, LLC, 657 F. Supp. 2d 899, 903 (N.D. Ohio 2009).  In contrast, the majority of courts to have addressed the issue have held that a party is only entitled to depose a non-testifying expert – even when the expert had previously been designated as a testifying expert – upon a showing of "exceptional circumstances," as required under Fed. R. Civ. P. 26(b)(4)(B).  Id. at 904.

The courts adopting the majority rule have almost

universally concluded that the purposes of Rule 26 are better served by requiring a party to show "exceptional circumstances" to depose a non-testifying expert.  As these courts have noted, the purpose of Rule 26(b)(4)(A) is to ensure a party's ability to properly prepare to effectively cross examine his opponent's experts at trial.  FED. R. CIV. P. 26, Advisory Committee Notes (1970); see also Hoover v. United States Dep't of the Interior, 611 F.2d 1132, 1142 (5th Cir.1980) ("The primary purpose of [Rule 26(b)(4)(A)'s required disclosures about experts expected to be called at trial] is to permit the opposing party to prepare an effective cross-examination.").  Rule 26(b)(4)(B), in contrast, is intended to prevent one party from being able to benefit from his opponent's trial preparation.  See FED. R. CIV. P. 26, Advisory Committee Notes (1970) ("A party must as a practical matter prepare his own case in advance of [disclosure of experts and reports], for he can hardly hope to build his case out of his opponent's experts.").  Where an expert will not testify at trial, the purposes of Rule 26(b)(4)(A) are not served by allowing his opponent to depose the expert, as there is no need to prepare for cross-examination.  See R.C. Olmstead, Inc., 657 F. Supp. 2d at 904; Estate of Manship v. U.S., 240 F.R.D. 229, 236 (M.D. La. 2006); In re Shell Oil Refinery, 132 F.R.D. 437 (E.D. La. 1990).  Furthermore, permitting the deposition of a non-testifying expert will, in most cases, frustrate the purposes of Rule 26(b)(4)(B) by essentially allowing a party to utilize

his opponent's expert's opinions to prepare his own case, and at his opponent's expense.  The magistrate judge relied on this reasoning in her decision to adopt the majority rule on this issue, and considering the divergent opinions among the courts, as well as the absence of clear authority to the contrary from the Fifth Circuit, the Court is not persuaded that the law compels a contrary result.  Accordingly, because the Court finds that the magistrate's ruling was not "clearly erroneous or contrary to law," as required under Rule 72(a),

**IT IS ORDERED** that the Plaintiff's **Motion to Review Magistrate Judge's Order** is **DENIED**.

New Orleans, Louisiana this 1st day of May, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE