UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


RAFEAL DECENA                                CIVIL ACTION

VERSUS                                       NO: 11-1574

AMERICAN INTERNATIONAL                       SECTION: J(5)
COMPANIES (AIG), ET AL


## ORDER

Before the Court is Plaintiff Rafael Decena's **Motion for Leave to Appeal (Rec. Doc. 124)**. In the motion, Plaintiff seeks leave to take an interlocutory appeal of this Court's order denying his motion for review of the magistrate judge's ruling, which, in turn, denied his motion to compel the deposition of Dr. Avanelle Jack **(Rec. Doc. 106)**. Upon review of the record, the motion, and the applicable law, the Court now concludes that the Plaintiff's motion should be **DENIED**.

## BACKGROUND FACTS

This civil action arises out of the denial of a claim for benefits under a truckers occupational accident insurance policy, through which Plaintiff Rafael Decena maintained accident and health insurance. Plaintiff's Complaint alleges that Defendants American International Companies AIG, Chartis Specialty Insurance Company, and National Union Fire Insurance Company of Pittsburgh, PA (collectively, "Defendants") were the insurers under the

policy, and that they improperly and in bad faith denied his claim.

While the case was pending, the Court ordered Plaintiff to submit to an independent medical examination ("IME"), to be conducted by Defendants' designated expert, Dr. Jack, on March 13, 2012.[1] During the IME, Plaintiff reportedly experienced kidney failure, prompting Dr. Jack to prescribe emergency dialysis treatment. Subsequently, on April 17, 2012, Defendants notified Plaintiff's counsel that Dr. Jack would no longer be testifying as an expert and would instead be retained solely as a non-testifying, consulting expert. Accordingly, they informed Plaintiff's counsel that Dr. Jack would not be produced for deposition and would not prepare an expert report. On April 20, 2012, Plaintiff filed a Motion to Compel the Deposition of Dr. Jack and for Sanctions.[2] In the motion, Plaintiff argued that the re-designation of Dr. Jack as a non-testifying expert does not preclude him from deposing her as a testifying expert under FED. R. CIV. P. 26(b)(4)(A).

On April 30, 2012, the Magistrate Judge denied Plaintiff's motion, in part, stating:

> **The deposition of Dr. Jack shall go forward on May 2, 2012, limited to what she observed during the IME that was performed on March 13th and the reasons she ordered treatment for plaintiff. To the extent that Dr. Jack requested plaintiff's medical history during the course**

---

[1] Rec. Doc. 21.

[2] Rec. Doc. 73.

> **of the IME, she should be prepared to testify to that as well. Because Dr. Jack will not be testifying as an expert for the defendants, there is no reason to go into any report she may have previously issued for that purpose. Nor shall she be questioned on issues of causation.**[3]

Plaintiff immediately filed a motion seeking an order from this Court overturning the magistrate's order and compelling Defendants to produce Dr. Jack for an unrestricted deposition. Plaintiff also requested that the motion be heard on an expedited basis because Dr. Jack's deposition is scheduled for May 2, 2012, two days after the magistrate's ruling was issued.[4] On May 2, 2012, the Court denied Plaintiff's motion for review of the magistrate's order.[5] The instant motion followed.

## DISCUSSION

Pursuant to 28 U.S.C. § 1292(b), a district court may certify an order for discretionary interlocutory appeal if the moving party demonstrates that the matter involves (1) a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation. See Breeden v. Transocean Offshore Ventures, No. 00-2561, 2001 WL 125343, at *1 (E.D. La. Feb. 14, 2001) (citing McAuslin v. Grinnell Corp., 2000 WL 1251966 (E.D. La. Sept. 5,

---

[3] Rec. Doc. 97.

[4] See Rec. Doc. 99.

[5] See Rec. Doc. 106.

2000)).  It should be noted, however, that an interlocutory appeal is "exceptional" and "assuredly does not lie simply to determine the correctness of a judgment."  Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Constr. Co., 702 F.2d 67, 68-69 (5th Cir. 1983).

Here, Plaintiff fails to show how this Court's order refusing to overturn the magistrate's ruling on his discovery motion involves a controlling question of law.  A question of law is controlling if reversal would terminate the litigation. Breeden, 2001 WL 125343, at *1 (citing McAuslin, 2000 WL 1251966, at *2).  As several courts have recognized, pretrial discovery orders will seldom meet the requirements for interlocutory appeal.  See, e.g., Hyde Constr. Co. v. Koehring Co., 455 F.2d 337, 338-39 (5th Cir. 1972) (noting that it is a "rare case where the issue presented in the context of discovery . . . involves a controlling question of law and where an immediate appeal may materially advance the ultimate termination of the litigation"); Union Pac. R.R. Co. v. ConAgra Poultry Co., 189 F. App'x. 576, at *3 (8th Cir. 2006) ("Pretrial discovery orders are almost never immediately appealable."); White v. Nix, 43 F.3d 374, 377-78 (8th Cir. 1994) (noting that "the discretionary resolution of discovery issues precludes the requisite controlling question of law" requirement).  Here, if this Court's judgment on Plaintiff's discovery motion were to be reversed, it would not terminate this litigation.  The Court would still be required to resolve the

merits of Plaintiff's claims, either at trial or through a dispositive pretrial motion.  Moreover, for substantially the same reasons, an immediate appeal from the Court's prior ruling would also fail to materially advance the ultimate termination of this litigation, as required by 28 U.S.C. § 1292(b).  As such,

**IT IS ORDERED** that the Plaintiff's **Motion for Leave to Appeal (Rec. Doc. 124)** is **DENIED**.

New Orleans, Louisiana this 9th day of May, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE